1

2

3

4

5

6         **UNITED STATES DISTRICT COURT**

7             **DISTRICT OF NEVADA**

8

9   LARRY FORSYTHE,

10        Plaintiff,                                    Case No. 2:11-CV-00498-JCM-(PAL)

11   vs.                                                **ORDER**

12   JUDGE DEBORAH LIPPIS, et al.,

13        Defendants.

14

15         Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections,

16   has submitted an application to proceed in forma pauperis (#1), a civil rights complaint pursuant to

17   42 U.S.C. § 1983, a letter that the court construes as a motion to amend the complaint (#3), and a

18   amended complaint.  The court finds that plaintiff is unable to pay an initial partial filing fee. 28

19   U.S.C. § 1915(b)(4).  Plaintiff must still pay the filing fee in full through monthly installment

20   payments.  28 U.S.C. § 1915(b)(2).

21         The court will grant plaintiff leave to amend the complaint.  Furthermore, the court

22   has reviewed the amended complaint, and the court will dismiss this action.  When a "prisoner seeks

23   redress from a governmental entity or officer or employee of a governmental entity," the court must

24   "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

25   complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

26   (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.

27   § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

28   complaint for failure to state a claim upon which relief can be granted.  Allegations of a pro se

1  complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v.

2  Kerner, 404 U.S. 519, 520 (1972) (per curiam).

3          Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and
        plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he
4       pleading standard Rule 8 announces does not require "detailed factual allegations,"
        but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
5       accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation
        of the elements of a cause of action will not do."  Nor does a complaint suffice if it
6       tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

7          [A] complaint must contain sufficient factual matter, accepted as true, to "state a
        claim to relief that is plausible on its face."  A claim has facial plausibility when the
8       plaintiff pleads factual content that allows the court to draw the reasonable inference
        that the defendant is liable for the misconduct alleged.  The plausibility standard is
9       not akin to a "probability requirement," but it asks for more than a sheer possibility
        that a defendant has acted unlawfully.  Where a complaint pleads facts that are
10      "merely consistent with" a defendant's liability, it "stops short of the line between
        possibility and plausibility of 'entitlement to relief.'"

11

12  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

13          This action arises out of a criminal prosecution of plaintiff in the Eighth Judicial

14  District Court for escape.  Plaintiff was convicted, and he is in custody pursuant to that conviction.

15          Plaintiff has sued the State of Nevada and the Eighth Judicial District Court of the

16  State of Nevada.  Section 1983 states, in relevant part:

17          Every person who, under color of any statute, ordinance, regulation, custom, or
        usage, of any State or Territory or the District of Columbia, subjects, or causes to be
18      subjected, any citizen of the United States or other person within the jurisdiction
        thereof to the deprivation of any rights, privileges, or immunities secured by the
19      Constitution and laws, shall be liable to the party injured in an action at law, suit in
        equity, or other proper proceeding for redress . . . . (emphasis added)

20

21  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."

22  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The same rule applies to agencies

23  that are arms of the state, such as the Nevada Department of Corrections.  Doe v. Lawrence

24  Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997).  Consequently, neither the State of

25  Nevada nor the Eighth Judicial District Court are proper defendants in this action.[1]

26

27  _____

        [1]Plaintiff argues that the state has waived immunity pursuant to Nev. Rev. Stat. § 41.031, but
28  that argument is irrelevant.  Regardless of immunity, a state and its arms are not proper defendants

1          Defendant Thom Gover was the prosecutor in plaintiff's criminal action.  Plaintiff's

2    allegations regarding defendant Gover all relate to his actions taken as a prosecutor.  Defendant

3    Gover is absolutely immune from monetary damages for the actions that he takes as a prosecutor.

4    Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

5          Defendants Dianne Dickson and Melissa Navarro were deputy public defenders who

6    either represented plaintiff in his criminal action or acted as standby counsel while plaintiff

7    represented himself.  For the purposes of § 1983, public defenders are private individuals who do

8    not act under color of state law when they represent criminal defendants.  Polk County v. Dodson,

9    454 U.S. 312, 325 (1981).  Plaintiff states that these defendants collaborated or conspired with

10   defendant Gover, but he does not allege any facts that could show a plausible conspiracy.  See Iqbal,

11   129 S. Ct. at 1949.  Instead, all that he alleges are the normal actions that a lawyer would take while

12   representing a defendant or acting as a standby counsel for a defendant.

13         Defendant Deborah Lippis was the justice of the peace who presided over

14   preliminary matters in plaintiff's criminal case, and defendant Jackie Glass was the district judge

15   who presided over the prosecution of plaintiff.  Plaintiff's allegations against these defendants

16   describe only the actions that they took as judges.  As such, defendants Lippis and Glass are

17   absolutely immune from monetary damages.  Mireles v. Waco, 502 U.S. 9, 11-13 (1991).  See also

18   Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

19         Regardless of the status of any defendant, plaintiff may not proceed with this action

20   because his judgment of conviction is still in effect.  Plaintiff seeks monetary damages for every day

21   that he has been falsely imprisoned pursuant to the judgment of conviction for escape.  "[T]o

22   recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

23   caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

24   plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

25   executive order, declared invalid by a state tribunal authorized to make such determination, or called

26   into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S.

27   _____

28   in a civil rights action pursuant to 42 U.S.C. § 1983.

1    477, 486-87 (1994).  See also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

2    Plaintiff's judgment of conviction has not been overturned, and thus he cannot recover damages.

3              IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma

4    pauperis (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.

5    However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.

6    § 1915(b)(2).

7              IT IS FURTHER ORDERED that the movant herein is permitted to maintain this

8    action to conclusion without the necessity of prepayment of any additional fees or costs or the

9    giving of security therefor.  This order granting leave to proceed in forma pauperis shall not extend

10   to the issuance of subpoenas at government expense.

11             IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

12   Department of Corrections shall pay to the Clerk of the United States District Court, District of

13   Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #1024861), in the

14   months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

15   The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall

16   also send a copy of this order to the attention of the chief of inmate services for the Nevada

17   Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

18             IT IS FURTHER ORDERED that the clerk of the court shall file the civil rights

19   complaint pursuant to 42 U.S.C. § 1983.

20             IT IS FURTHER ORDERED that plaintiff's motion for leave to amend his

21   complaint (#3) is **GRANTED**.  The clerk of the court shall file the amended complaint.

22             IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a

23   claim upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.

24             DATED:  June 10, 2011.

25

26                                                                _____

27                                                                JAMES C. MAHAN
                                                                   United States District Judge

28